**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ADRIANA LEE, as Personal Representative of
the Estate of Rufus Young, Jr.,

        Plaintiff,

                                   Case No. 05-CV-70754-DT

v.

DETROIT MEDICAL CENTER, et al.,

        Defendants.

                                            /

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S "MOTION TO REMAND SUPPLEMENTAL STATE LAW CLAIMS [ ] TO STATE COURT"

Before the court is Plaintiff Adriana Lee's July 1, 2005 "Motion to Remand Supplemental State Law Claims Back [sic] to State Court." This motion has been fully briefed and the court concludes that no hearing is required. E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny without prejudice Plaintiff's motion.

### I. BACKGROUND

On December 20, 2004, Plaintiff filed this civil action in Wayne County Circuit Court. Defendants subsequently removed the case to this court on February 28, 2005. Plaintiff's legal claims are based on allegations surrounding the alleged severe and continuous abuse of Rufus Young, Jr. by members of his foster family that led to the boy's death. Plaintiff alleges that the state foster care Defendants, Wrayno, Friedl, and Fluellen "were each deliberately indifferent to the statutory and constitutionally protected specialized foster care needs of Rufus Young, Jr." (Pl.'s Mot. at ¶ 4.) Plaintiff further alleges the named medical, foster parent, and therapy Defendants (Detroit Medical Center, Children's Hospital, Hug, Rao, Truong, Life Span Clinical Services, Ryeson, and

Hall) "negligently failed to intervene to protect Rufus Young, Jr., despite their State common law/statutory duty to do so." (*Id.* at ¶ 5.)

Plaintiff has sued Defendants Friedl, Wrayno, and Fluellen pursuant to 42 U.S.C. § 1983 and on two separate state law theories, negligence and violation of the Michigan Child Protection Act.  These are the federal claims giving rise to Defendants' right to removal.  Plaintiff has sued the remaining Defendants under purely state law theories including statutory neglect and violation of the Child Protection Act.  Plaintiff now asks the court to remand all state law claims to the Wayne County Circuit Court pursuant to 28 U.S.C. § 1367(c).

## II.  STANDARD

The court's supplemental jurisdiction over the state law claims presented in this case are governed by 28 U.S.C. § 1367.  Section 1367 provides in relevant part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III.

Supplemental jurisdiction under 28 U.S.C. § 1367 "is a doctrine of discretion, not of plaintiff's right." *McDonald v. United States*, 2003 WL 22073159, at *2 (E.D. Mich. July 21, 2003) (citing *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003)). Moreover, § 1367(c) grants district courts discretion in determining whether to exercise supplemental jurisdiction over state law claims.  *See Blakely v. United States*, 276 F.3d 853, 860 (6th Cir. 2002).  Section 1367(c) specifically provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

       (1) the claim raises a novel or complex issue of State law;

       (2) the claim substantially predominates over claim or claims over which the district court has original jurisdiction,

       (3) the district court has dismissed all claims over which it has original jurisdiction, or

       (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiciton.

28 U.S.C. § 1367(c).

In *Carnegie-Mellon University v. Cohill*, the Supreme Court held that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity . . . to decide whether to exercise jurisdiction over a case . . . involving pendent state-law claims." 484 U.S. 343, 350 (1988); *see also Blakely*, 276 F.3d at 863. The Sixth Circuit has held generally that "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landerfeld*, 994 F.2d 1178, 1182 (6th Cir. 1993). If, however, the federal claims are dismissed before trial, "the state claims should be dismissed as well." *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992); *see also Cohill*, 484 U.S. at 350 ("[w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline" to exercise supplemental jurisdiction).

## III. DISCUSSION

Upon review of the parties' briefing and consideration of the values of judicial economy, convenience, fairness, and comity, the court declines (at this early stage of the litigation) to invoke its discretion under § 1367(c) to remand all state law claims to

3

state court.  Denying the motion to remand best serves judicial economy and the convenience of the parties at this early stage of the litigation.  Keeping the case together at this stage permits this court to supervise discovery over both federal and state claims that derive from a common set of operative facts and circumstances, thus avoiding parallel and duplicate discovery tracks in both state and federal court. Discovery oversight by one court instead of two will also be more efficient and convenient for the parties, having one court to resolve their discovery disputes and avoiding any potential for conflicting rulings.

Nevertheless, at the close of discovery, the court and the parties may be in a better position to assess whether the state law claims predominate in this case.  In addition, should the federal claims drop out of this case prior to trial, the court would then be inclined (as binding case law instructs that it should) to remand the remaining state law claims.  *Musson Theatrical Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.")

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's motion [Dkt. # 28] is DENIED WITHOUT PREJUDICE.


                     S/Robert H. Cleland
                     ROBERT H. CLELAND
                     UNITED STATES DISTRICT JUDGE

Dated:  July 22, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 22, 2005, by electronic and/or ordinary mail.

S/Lisa G. Teets
Case Manager and Deputy Clerk
(313) 234-5522