UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIANA LEE, as Personal Representative of
the Estate of Rufus Young, Jr.,

        Plaintiff,

                                                  Case No. 05-CV-70754-DT

v.

DETROIT MEDICAL CENTER, et al.,

        Defendants.
                                                /

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

        Pending before the court is Plaintiff Adriana Lee's motion to remand, filed on May 1, 2006.  Opposition briefs were filed by Defendant Vince Truong on May 15, 2006, by Defendants Life Span Clinical Services and Kristin Ryeson-Dzahristos on May 17, 2006, and by Defendants Detroit Medical Center, Children's Hospital of Michigan, Dr. Jayshree Rao and Dr. Ahm Mahbobul Huq on May 18, 2006.  Plaintiff filed a reply on May 22, 2006.  Having reviewed the briefs, the court finds that a hearing is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**

        Plaintiff initiated this civil action on December 20, 2004, in Wayne County Circuit Court.  Defendants subsequently removed the case to this court on February 28, 2005.  Plaintiff's complaint asserts various claims for relief based upon the alleged severe and continuous abuse of Rufus Young, Jr. by members of his foster family.

Plaintiff originally listed three state employees as defendants,[1] asserting causes of action under 42 U.S.C. § 1983 and two separate state law theories, negligence and violation of the Michigan Child Protection Act.  The claims against the state employees were the federal claims giving rise to Defendants' right to removal, and the remaining Defendants were sued under purely state law theories.

On July 1, 2005, Plaintiff filed a motion to remand, arguing that all the state law claims should be remanded to the Wayne County Circuit Court pursuant to 28 U.S.C. § 1367(c) because the state law claims predominated over the federal claims.  (*See* 7/01/06 Mot.)  The court denied the motion on July 22, 2005.  The court held:

> Upon review of the parties' briefing and consideration of the values of judicial economy, convenience, fairness, and comity, the court declines (at this early stage of the litigation) to invoke its discretion under § 1367(c) to remand all state law claims to state court.  Denying the motion to remand best serves judicial economy and the convenience of the parties at this early stage of the litigation.  Keeping the case together at this stage permits this court to supervise discovery over both federal and state claims that derive from a common set of operative facts and circumstances, thus avoiding parallel and duplicate discovery tracks in both state and federal court. Discovery oversight by one court instead of two will also be more efficient and convenient for the parties, having one court to resolve their discovery disputes and avoiding any potential for conflicting rulings.

(7/22/06 Order at 3-4.)  Nonetheless, the court denied the motion *without prejudice*, specifically noting that "at the close of discovery, the court and the parties may be in a better position to assess whether the state law claims predominate in this case." (*Id.* at 4.)  The court also stated that "should the federal claims drop out of this case prior to trial, the court would then be inclined (as binding case law instructs that it should) to

---

[1] The three state employees were former Defendants Jennifer Wrayno, Barbara Friedl and Fay Fluellen.

2

remand the remaining state law claims." (*Id.* (citing *Musson Theatrical Inc. v. Federal Express Corp.,* 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.").)

The case then proceeded in this court. While discovery was scheduled to be concluded by March 24, 2006, the court extended discovery to May 31, 2006 for the limited purpose of deposing nine individuals discussed during the court's April 5, 2006 scheduling conference.[2] (4/05/06 Order at 3.) In the April 5, 2006 order, the court also held that any party who had not provided an expert report by the relevant deadlines was precluded from presenting expert testimony at trial. (*Id.* at 3 n.4.) Thereafter, the parties stipulated to dismiss Defendants Jennifer Wrayno, Barbara Friedl and Fay Fluellen, the state employees. (4/17/06 Stipulation; 4/27/06 Amended Stipulation.) The instant motion to remand followed.

## II. STANDARD

The court's supplemental jurisdiction over the state law claims presented in this case are governed by 28 U.S.C. § 1367. Section 1367 provides in relevant part:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III.

28 U.S.C. § 1367(a).

[2] While the exact names of the individuals were not memorialized in the court's April 5, 2006 order, from this court's recollection, those individuals consisted of the named defendants and the victim's foster brother.

"Supplemental jurisdiction 'is a doctrine of discretion, not of plaintiff's right.'" *Habich v. City of Dearborn,* 331 F.3d 524, 535 (6th Cir. 2003) (quoting *Baer v. R & F Coal Co.,* 782 F.2d 600, 603 (6th Cir.1986)). Moreover, § 1367(c) grants district courts discretion in determining whether to exercise supplemental jurisdiction over state law claims. *See Blakely v. United States*, 276 F.3d 853, 860 (6th Cir. 2002). Section 1367(c) specifically provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
> (1) the claim raises a novel or complex issue of State law;
> (2) the claim substantially predominates over claim or claims over which the district court has original jurisdiction,
> *(3) the district court has dismissed all claims over which it has original jurisdiction, or*
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added).

In *Carnegie-Mellon University v. Cohill*, the Supreme Court held that "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity . . . to decide whether to exercise jurisdiction over a case . . . involving pendent state-law claims." 484 U.S. 343, 350 (1988); *see also Blakely*, 276 F.3d at 863. The Sixth Circuit has held generally that "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landerfeld*, 994 F.2d 1178, 1182 (6th Cir. 1993). If, however, the federal claims are dismissed before trial, "the state claims should be dismissed as well." *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992); *see also Cohill*, 484 U.S. at 350 ("When the balance of these factors indicates that a case properly belongs

4

in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline" to exercise supplemental jurisdiction).

### III.  DISCUSSION

As discussed above, by way of a stipulation filed on April 17, 2006, and an amended stipulation filed on April 27, 2006, all claims asserted against the state employees were dismissed with prejudice.  (*See* Dkt. ## 61 & 62.)  Accordingly, all federal claims asserted in this action have been dismissed and the sole remaining claims are asserted under state law.  For this reason, on May 1, 2006, Plaintiff filed a second motion for remand.  Defendants oppose remand, arguing that (1) judicial economy favors retaining supplemental jurisdiction over the state law claims and (2) Plaintiff seeks a remand only to avoid this court's prior rulings.

While the court may, in its discretion, retain supplemental jurisdiction over state law claims after the federal claims have been dismissed, case law in this circuit is well-settled that where federal claims are dismissed prior to trial, pendent state law claims should also normally be dismissed.  *See Musson Theatrical, Inc. V. Fed. Express Corp.,* 89 F.3d 1244, 1254-55 (6th Cir. 1996); *see also Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.")  (citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)); *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (noting the general rule that "if the

5

federal claims are dismissed before trial, . . . the state claims should be dismissed as well") (citation omitted); *Gaff v. Federal Deposit Ins. Corp.* 814 F.2d 311, 319 (6th Cir.1987) ("It is generally recognized that where, as in this case, federal issues are dismissed before trial, district courts should decline to exercise pendent jurisdiction over state law claims.").

Nonetheless, Defendants oppose remand, relying primarily on *Province v. Cleveland Press Pub. Co.,* 787 F.2d 1047 (6th Cir. 1986). In *Province*, the Sixth Circuit, consistent with the authority discussed above, noted that "[t]hrough a series of cases following *United Mine Workers,* this circuit has adopted the position that the district courts have minimal discretion to decide pendent state law claims on the merits once the basis for federal jurisdiction is dismissed before trial." *Id.* at 1055 (citing *Service, Hospital, Nursing Home and Public Employees Union v. Commercial Property Services,* 755 F.2d 499, 506 n. 9 (6th Cir.1985) ("[T]his circuit has moved away from the position that the court has discretion to retain jurisdiction over a pendent state claim where the federal claim has been dismissed before trial.")). The court further held, however, that "in certain cases, the overwhelming interests in judicial economy may still allow a district court to properly exercise its discretion and decide a pendent state law claim once the federal claim is dismissed before trial." *Province,* 787 F.2d at 1055. The court found that the circumstances of that case justified the district court's retention of jurisdiction. *Id.* Specifically, the court found that retaining jurisdiction was not an abuse of discretion because "there was substantial similarity between the predicate factual findings necessary to the resolution of both the federal and state law claims." *Id.*

6

Defendants also cite *Aschinger v. Columbus Showcase Co.* 934 F.2d 1402 (6th Cir.1991), which relied on *Province*, to hold that the district court did not abuse its discretion in retaining supplemental jurisdiction after summary judgment had been granted on the federal claims. As in *Province*, the *Aschinger* court found that "[s]ince discovery had been closed and a substantial amount of time and resources had already been expended, the district court exercised pendent jurisdiction over the state law claims in the interest of judicial economy." *Id.* at 1413; *see also Province,* 787 F.2d at 1055 ("This being the case, since discovery had closed and a substantial amount of time and resources had already been expended, we cannot find that the district court abused its limited discretion in deciding the pendent state claim on the merits.").

The court finds that *Province* and *Aschinger* are readily distinguishable from the facts of this case. In *Province* and *Aschinger*, the Sixth Circuit specifically held that retention of jurisdiction was proper because there was a substantial similarity between the state and federal claims *and also* because the district court had expended a substantial amount of time and resources in analyzing those claims. *Aschinger*, 934 F.2d at 1413; *Province,* 787 F.2d at 1055. Specifically, in *Province* and *Aschinger*, the district court was called upon to resolve summary judgment motions aimed at both the federal and state law claims. *Aschinger*, 934 F.2d at 1413; *Province,* 787 F.2d at 1055. In this case, however, the federal claims were dismissed by stipulation, without any involvement by this court. Plaintiff brought the instant motion to remand prior to the close of discovery and prior to the filing of any summary judgment motion. Indeed, this court's involvement in this case has been rather limited, consisting of resolving two non-substantive preliminary motions, (*see* 3/21/05 Mot. for Summons; 7/01/05 Mot. to

7

Remand), and presiding over a few conferences. The court cannot say that it has expanded a substantial amount of time or resources in this case such as to justify departing from the general rule in this circuit which favors remand or dismissal after the federal claims have been dismissed.

Moreover, to the extent that Defendants claim that Plaintiff only seeks remand to avoid this court's prior rulings, they have not cited any published authority for the proposition that a court should retain jurisdiction when there is an unsubstantiated allegation that remand is sought merely as an attempt to avoid unfavorable rulings. Defendant Truong has cited an unpublished case for the proposition that "a district court may consider forum manipulation in determining whether to remand a case to the state circuit court." (Def. Truong's Br. at 8 (citing *Childs v. City of Detroit*, Case No. 97-CV-71240 (E.D. Mich. 1997)). Aside from the fact that no copy of this unpublished case was provided to the court, the court is not persuaded that Plaintiff's request to remand this case to the original forum in which she filed this lawsuit is improper. Indeed, Plaintiff originally sought to remand this case prior to any substantive rulings by this court.[3]

Accordingly, in the absence of any persuasive authority or argument which would justify this court's retention of jurisdiction, the court will follow the settled law of this

---

[3]The objecting defendants may be focused upon the portion of the court's April 5 order prohibiting the introduction at trial of a Plaintiff's expert witness due to Plaintiff's unexcused failure to adhere to various schedule deadlines. The court has little doubt that Plaintiff will attempt to revisit this ruling, but cannot predict whether a successor judge, in applying Michigan precedent, will decide that this procedural ruling should stand or be amended. In any event, the court is not persuaded that the mere possibility of this ruling being reconsidered--and lifted--should prevent remand.

circuit and remand this action to Wayne County Circuit Court.  *See, eg., Musson Theatrical,* 89 F.3d at 1254-55; *see also Taylor*, 973 F.2d at 1287.

### IV.  CONCLUSION

For the reasons discussed above IT IS ORDERED that Plaintiff's May 1, 2005 motion to remand [Dkt. # 63] is GRANTED and this action is hereby REMANDED to Wayne County Circuit Court.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  May 30, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 30, 2006, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522